UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMIE L. LEBEL, )<br>)<br>Defendant. )<br>) | No. 6:14-CR-02-GFVT-HAI<br><br>RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral (D.E. 15), considers reported violations of supervised release conditions by Defendant Jamie J. Lebel. The Southern District of Ohio entered a judgment against Defendant on September 27, 2011, for failing to update his sex offender registration as required under 18 U.S.C. § 2250(a), the Sex Offender Registration and Notification Act ("SORNA"). D.E. 1-2. Defendant was sentenced to twelve months of imprisonment and a five-year term of supervised release to follow with the inclusion of a special condition requiring that he spend 90 days at a halfway house.[1] *Id.* at 3. Defendant's initial term of supervised release began on August 6, 2012. On August 20, 2012, Defendant's conditions of supervised release were modified to include the condition that he "abide by the Special Conditions for Sex Offenders for the Eastern District of Kentucky." District Judge Van Tatenhove accepted a transfer of jurisdiction of Defendant's supervision on January 16, 2014. D.E. 1.

On March 24, 2014, the United States Probation Office ("USPO") submitted a Form 12B requesting that the Defendant's conditions of supervised release be modified to include six

---

[1] The special condition requiring Defendant to spend ninety days at a halfway house was vacated by Court order on August 10, 2012.

weekends of intermittent confinement after he was terminated from the KY Department of Corrections Sex Offender Treatment Program ("KY SOTP") for having eight unexcused absences. D.E. 2 at 1. USPO Greiwe noted that Defendant's failure to participate in the KY SOTP constituted the first instance of non-compliance with the conditions of his release, and reported that Defendant had recently acquired full-time, stable employment. *Id*. District Judge Van Tatenhove approved the request and modified Defendant's conditions of release as recommended to include six weekends of intermittent confinement. *Id.*

On June 4, 2014, the USPO issued a Supervised Release Violation report ("the First Report") charging Defendant with excessive use of alcohol and commission of a new criminal offense, specifically driving under the influence in violation of KRS § 189A.010, and secured a warrant for his arrest from District Judge Van Tatenhove. D.E. 3. The First Report alleged that Defendant was observed operating an automobile at a rate of 105 miles per hour in an area with a posted speed limit of 55 miles per hour. A test of Defendant's blood-alcohol level administered by breath analysis at the Pulaski Detention Center revealed that he had a blood-alcohol level of 0.126, which is above the legal limit in Kentucky. Ultimately, Defendant stipulated to both violations (D.E. 9), and was sentenced to six months of incarceration and five years of supervised release to follow. D.E. 14 at 2-3. The conditions of Defendant's supervised release were also modified to include a special condition requiring that he "abstain from the use of alcohol." *Id*. at 4. Defendant began his second term of supervised release on December 11, 2014.

## I.

On June 23, 2017, the USPO issued the Supervised Release Violation Report ("the Second Report") that initiated this revocation. The Second Report charges two violations.

First, the Second Report charges, in Violation #1, a violation of Special Condition #8 requiring that Defendant "shall not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available." Specifically, the Second Report alleges that, on June 19, 2017, USPO Jones contacted Defendant at his residence for a routine home visit. Defendant consented to a search of his smart phone. A search of the phone's content revealed numerous pornographic images and access to several pornographic websites. The search also revealed that Defendant's phone had accessed several dating applications, some of which appeared to offer pornographic content. Defendant denied viewing pornography on his phone. This is a Grade C violation.

The Second Report charges, in Violation #2, a violation of Special Condition #3 requiring that Defendant "abstain from the use of alcohol." Specifically, the Second Report alleges that, during the home visit, USPO Jones noticed the odor of an alcoholic beverage on Defendant's person. Defendant admitting to consuming one beer on that date and signed a written admission form. This is a Grade C violation.

## II.

On June 29, 2017, the Court conducted an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure. D.E. 19. The Court set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id*. At the initial appearance, the United States made an oral motion for interim detention; Defendant argued for release. *Id*. The Court found that Defendant failed to meet the heavy § 3143(a) defense burden and remanded him to the custody of the United States Marshal. *Id*.

At the final hearing on July 12, 2017, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 20. Defendant competently entered a knowing, voluntary, and

intelligent stipulation to Violations #1 and #2.  *Id*.  For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for both violations as described in the Second Report.  *Id*. Defendant specifically denied accessing or viewing pornography on his phone, but acknowledged that he knew it contained pornographic images and that other people had used it to access pornographic websites and dating applications.  The United States thus established the violations under the standard of section 3583(e).  *Id*.

The parties did not agree on the sentence to be imposed, although the government agreed not to seek a sentence in excess of nine months in exchange for Defendant's stipulation to both violations.  Specifically, the government argued for revocation with nine months of imprisonment and five years of supervised release to follow.  Defendant argued for five months of imprisonment with the possibility that half of that sentence be served by alternative means of confinement, such as home incarceration or intermittent weekend confinement, and continuation of the current term of supervised release to follow so as to expire on December 10, 2019.

### III.

The Court has evaluated the entire record, the First and Second Reports and accompanying documents, and the sentencing materials from the underlying Judgment in this District.  Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction.  Defendant pleaded guilty to the Class C felony of failure to register under SORNA.  *See* 18 U.S.C. §§ 2250(a); 3559(a)(3). Defendant's conviction carries a twenty-four month maximum period of incarceration upon

revocation pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(h) and (k), the maximum term of supervised release that may be re-imposed is life.

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("[T]he policy statements found in Chapter Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under section 7B1.1, Defendant's admitted conduct in both violations would qualify as Grade C violations. Given Defendant's criminal history category of III (the category at the time of the conviction in this District) and a Grade C violation, Defendant's Range under the Revocation Table of Chapter 7 is five to eleven months. U.S.S.G. § 7B1.4(a).

The government argued for revocation with nine months of imprisonment, and five years of supervised release to follow. In support of its recommended sentence, the government emphasized Defendant's significant breach of the Court's trust, specifically noting that he has engaged in a pattern of conduct involving alcohol that violates the conditions of his supervised release. The government discussed the escalation of Defendant's behavior beginning with his history of alcohol abuse as reported in his PSR, his previous revocation for driving under the influence, and the violations charged in the Second Report. The government also noted that, although the pornographic content found on Defendant's phone in this violation was not directly attributable to alcohol, he still has the potential to make bad choices and endanger the public while drinking. Additionally, the government emphasized that Defendant's conviction for child molestation, coupled with his failure to register as a sex offender, creates a risk of harm that is

greater when coupled with his continued use of alcohol, and stated that, although Defendant's supervised release includes several extensive conditions, he must follow all of them to prove that he can be a successful and productive member of society. Finally, the government cited Defendant's substantial period of over two years of compliance with the conditions of his supervised release and his acceptance of responsibility through stipulation as mitigating factors.

Defendant argued for revocation with a five-month period of incarceration, and continuation of the current term of supervised release set to expire on December 10, 2019. Specifically, defense counsel requested that Defendant be permitted to serve half of his five-month sentence by means of alternative confinement, such as home incarceration or intermittent weekend confinement. As the basis for this request, defense counsel indicated that Defendant is gainfully employed and has been working hard, and that his current employer has indicated that he will hold Defendant's position open for a maximum of five months. Specifically, defense counsel noted that a sentence of five months is adequate to address Defendant's possession of pornographic content because, while this behavior is impermissible on supervised release, possession of pornography is not illegal. Additionally, defense counsel emphasized Defendant's substantial period of compliance with the conditions of his supervised release, and stated that he has attended sex offender treatment classes. Defense counsel disagreed with the government's statement that Defendant's behavior involving alcohol has escalated and argued that his consumption of one beer in Violation #2 is far less dangerous than the driving under the influence charge during his last revocation. Finally, defense counsel explained that Defendant lives with his wife who is greatly dependent on him for her daily living needs.

Defendant addressed the Court and stated that he drank beer on June 19, 2017, as alleged in the Second Report, because he found out on that day that his wife has cancer. He also stated

6

that he was working on her car that day because she needed it to drive to an appointment for her condition. When asked about the pornographic content on his phone, he revealed that his phone does not have a passcode and that other persons accessed the content on his phone. When asked by the Court why his phone does not employ a passcode, Defendant reported that he is not good with technology, forgets passcodes often, and that his step-daughter set up his smart phone for him.

**IV.**

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant was convicted of failing to register as required under SORNA. SORNA is designed to protect the most vulnerable members of society, and given Defendant's previous conviction for molestation of a child in Florida in 2001, his failure to register was especially dangerous to children and the community.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Defendant's criminal history includes the use of alcohol beginning at an early age. Specifically, in his PSR, Defendant reported having his first drink at age 16. In July 2014, Defendant abused alcohol, and his supervised release was revoked for driving under the influence. D.E. 14. The facts of the DUI were particularly troubling as Defendant was traveling 105 miles per hour in a 55 miles per hour speed limit zone.

The Court imposed an alcohol abstinence condition after Defendant's revocation, and he has continued to drink alcohol.  Defendant makes bad decisions when drinking, and his consumption of alcoholic beverages gives rise to new risks.  Accordingly, there is a strong need to protect the public and community.

The Court is also required to consider the need to provide Defendant with education, training, and treatment.  This is a strong consideration in this case given Defendant's tendency to make bad decisions when he is drinking.  Defendant should be evaluated for alcohol abuse treatment by the USPO upon his release from incarceration.

The Guidelines suggest that the *primary* wrong in the supervised release context is the violation of the Court's trust by an offender.  The particular conduct is an important but secondary issue.  *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").  The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e).  Defendant's breach of the Court's trust is significant in this case because he was told that he could not drink alcohol, and he has started drinking again.  The goal of imposing the special condition of supervised release requiring Defendant to abstain from the use of alcohol following his last revocation was to get him to realize that alcohol is the biggest risk factor in his life.  Defendant slipped in a moment of weakness and drank alcohol.  He must respect the Court's authority but has failed to do so concerning his alcohol use.  Accordingly, incarceration is warranted.[2]

---

[2] The Court recognizes defense counsel's request for alternative confinement.  However, intermittent confinement was imposed on March 24, 2014, for a period of six weekends, but Defendant has again violated the conditions of his supervised release.  Intermittent confinement was not previously adequate to ensure Defendant's compliance

A sentence of nine months is slightly above the middle of the Guidelines Range. The Court believes that nine months of incarceration, and three years of supervised release to follow is adequate to protect the public and address the breach of the Court's trust. The Court recognizes that Defendant has faced a great obstacle in learning that his wife has cancer. However, Defendant cannot be permitted to deal with life's challenges by drinking alcohol. He must do better to abstain from alcohol and follow the conditions of his supervised release. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction carries a maximum term of supervised release of life due to the nature of the underlying offense. *See* 18 U.S.C. § 3583(h); 18 U.S.C. § 2250(a). Accordingly, the Court will recommend that supervised release be re-imposed for a term of three years following Defendant's release from incarceration.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of nine months of imprisonment; and
2. A term of three years of supervised release to follow, under the conditions previously imposed.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk.

---

with the conditions of his supervised release. Indeed, he committed the DUI on his last day of intermittent confinement. Similarly, the Court does not believe it will be for the Violations contained in the Second Report.

Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

This the 13th day of July, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge